## Tradesmens National Bank and Trust Company, Assignee, v. Gegenheimer et al.

*Benjamin Greenstein, Louis Goldman* and *Ben-Zion D. Oliensis,* for plaintiff.
*Graham & Gilfillan* and *Robert von Moschzisker,* for defendants.

SMITH, P. J., April 27, 1931.—In this case two rules were taken, one to show cause why the scire facias sur mortgage should not be stricken from the record, and the other rule to show cause why judgment should not be entered for the plaintiff against the defendant for want of a sufficient affidavit of defense.

The legal action was commenced by a scire facias sur mortgage. The mortgage was dated January 30, 1929, in the principal sum of $130,000, payable two years from date, and was executed by Jacob E. Gegenheimer and Jennie Effinger Gegenheimer, his wife, secured upon two premises, No. 4102 Lancaster Avenue and Broad Street and Medary Avenue, belonging to Mrs. Gegenheimer.

On November 3, 1929, Mrs. Gegenheimer died. By the terms of her will she devised her estate, including the premises above mentioned, to her two sons in trust to pay the income therefrom to her husband, Jacob E. Gegenheimer, and her two sons, Herbert Effinger and Leon Effinger, during their respective lives and the remainder over as therein provided. The nominated executors renounced when the will was probated and they were replaced by the Bankers Trust Company as administrator *c. t. a.* About one year afterward, to wit, December 22, 1930, the Bankers Trust Company was taken over by the Secretary of Banking and William R. Smith, Special Deputy, was placed by the Secretary of Banking as agent in charge and a certificate to that effect was

duly filed in Court of Common Pleas No. 4, as of December Term, 1930, No. 5553. The mortgage expired on January 30, 1931, remained unpaid, and the present proceedings were commenced by the scire facias issued on March 7, 1931, and an affidavit as to real owners was filed the same day, wherein the Bankers Trust Company was set forth as the real owner of the premises and that that institution was in the possession of the Secretary of Banking.

The defendants designated in the scire facias, in addition to Jacob E. Gegenheimer, as surviving mortgagor, are the Secretary of Banking, William R. Smith, special deputy in charge of the Bankers Trust Company, as administrator of the estate of Jennie Effinger Gegenheimer, the deceased mortgagor and also as real owner. All of these defendants, in addition to the occupants of No. 4102 Lancaster Avenue and premises at Broad Street and Medary Avenue—at the present time unoccupied—were duly served by the sheriff. The Secretary of Banking and Jacob E. Gegenheimer entered their appearances.

On March 30, 1931, Herbert Effinger and Leon Effinger, the two sons of the deceased Jennie Effinger Gegenheimer, without asking leave to intervene as parties defendant, filed a petition upon which a rule was entered to show cause why the scire facias should not be stricken off. These parties, in accordance with the terms of the will, have a life interest in the estate of their mother.

The contention of the petitioners is to the effect that since the Bankers Trust Company, the administrator *c. t. a.* of the estate of Jennie Effinger Gegenheimer, is now in the possession of the Secretary of Banking, neither he nor his appointee, William R. Smith, as Special Deputy, was actively performing the duties of administrator of the estate, and that there is no person now properly able to administer this estate. The terms of the affidavit of defense as filed by Jacob E. Gegenheimer, the surviving mortgagor, are practically to the same effect and involve the same proposition.

The mortgage is due and payable and it seems to be true that no part thereof has been paid; therefore, a scire facias can properly issue upon the mortgage and foreclosure had thereon. This is an action in rem and the *res* has been duly brought within the jurisdiction of the court by proper service thereon. The Secretary of Banking is a proper person to defend this action. Section twenty-nine of the Banking Act of 1923, as amended by the Act of May 5, 1927, P. L. 762, specifically gives him all the rights, powers and duties of a receiver appointed by any court of equity in this Commonwealth, and provides:

". . . he shall be vested, in his official capacity, with all the *rights, powers, and duties of such corporation or person and with all the* property of such corporation or person, including debts due, liens, or securities therefor, and rights of action or redemption, . . ."

Section forty of the Banking Act of 1923 provides:

"(a) Taking Possession by Secretary.—Whenever the secretary takes possession of the business and property of a corporation or person in accordance with the provisions of this act, he shall also take possession of all funds, property, and investments held by such corporation or person in any fiduciary capacity, but shall keep the same separate and apart from the assets thereof."

The Secretary of Banking is, therefore, the present real owner of the mortgaged property. He has been joined in the scire facias by leave of court, as defendant, and has been duly served. The legal effect was, therefore, the same as though the Bankers Trust Company itself had been named as real owner and served with the scire facias.

The rule for judgment filed by the plaintiff, as to Jacob E. Gegenheimer, for want of a sufficient affidavit of defense is made absolute.

The rule filed on behalf of Herbert and Leon Effinger to show cause why the proceedings should not be stricken off is discharged.